| Debtor | Audacy International, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____    Chapter    11

☐ Check if this is an
amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's Name**

**Audacy International, LLC**

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)

**88-2430803**

**4. Debtor's address**

**Principal place of business**

**2400 Market Street**
Number        Street

**4th Floor**

**Philadelphia, Pennsylvania 19103**
City                            State        Zip Code

**Philadelphia**
County

**Mailing address, if different from principal place of business**

Number        Street

City                            State        Zip Code

**Location of principal assets, if different from principal place of business**

Number        Street

City                            State        Zip Code

**5. Debtor's website** (URL)

www.https://audacyinc.com

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

---

Debtor    Audacy International, LLC                                          Case number *(if known)*  _____
_____
      Name

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5151 (Radio and Television Broadcasting)**

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check One:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11.  *Check all that apply:* |

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | | | | | |
|---|---|---|---|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes | District | _____ | When | _____<br>MM/DD/YYYY | Case number | _____ |
| | | District | _____ | When | _____<br>MM/DD/YYYY | Case number | _____ |

| | | | | | |
|---|---|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes | Debtor | **See Rider 1** | Relationship | _____ |
| | | District | _____ | When: | _____<br>MM / DD / YYYY |
| | | Case number, if known | _____ | | |

| Debtor | Audacy International, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | Number | Street |
|---|---|---|

| | | | |
|---|---|---|---|
| City | | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☒ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

[1] The estimated number of creditors and estimated amounts of assets and liabilities are being listed on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto.

Debtor    Audacy International, LLC                                    Case number *(if known)* _____
            Name

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ☉  The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ☉  I have been authorized to file this petition on behalf of the debtor.
- ☉  I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **01/07/2024**
                         MM/ DD / YYYY

**✗**  **/s/ Richard J. Schmaeling**                         Richard J. Schmaeling
          Signature of authorized representative of debtor        Printed name

Title   **Executive Vice President & Chief Financial Officer**

**18. Signature of attorney**

**✗**  **/s/ John F. Higgins**                         Date   **01/07/2024**
          Signature of attorney for debtor                      MM/DD/YYYY

**John F. Higgins**

**Porter Hedges LLP**
Firm name

**1000 Main St., 36th Floor**
Number                        Street

**Houston**                                          **TX**            **77002**
City                                                       State          ZIP Code

**(713) 226-6648**                              **jhiggins@porterhedges.com**
Contact phone                                     Email address

**09597500**                         **TX**
Bar number                        State

## RIDER 1

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**"), filed a petition with this Court for relief under chapter 11 of the Bankruptcy Code.  Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Debtor | Federal Tax ID |
|---|---|
| Audacy, Inc. | 23-1701044 |
| Audacy Texas, LLC | 20-5421646 |
| AmperWave, LLC | 87-3140529 |
| Audacy Arizona, LLC | 83-2538062 |
| Audacy Atlas, LLC | 88-3717891 |
| Audacy California, LLC | 23-2988461 |
| Audacy Capital Corp. | 13-4142467 |
| Audacy Corp. | 13-2766282 |
| Audacy Colorado, LLC | 80-0017731 |
| Audacy Connecticut, LLC | 83-2547623 |
| Audacy Florida, LLC | 23-2988465 |
| Audacy Georgia, LLC | 01-0652444 |
| Audacy Illinois, LLC | 36-3313126 |
| Audacy International, LLC | 88-2430803 |
| Audacy Kansas, LLC | 23-2988463 |
| Audacy License, LLC | 23-3027894 |
| Audacy Louisiana, LLC | 23-3017794 |
| Audacy Maryland, LLC | 52-1879752 |
| Audacy Massachusetts, LLC | 04-2665178 |
| Audacy Miami, LLC | 02-0574908 |
| Audacy Michigan, LLC | 38-2804000 |
| Audacy Minnesota, LLC | 83-2587919 |
| Audacy Missouri, LLC | 82-4852293 |
| Audacy Networks, LLC | 87-1321976 |
| Audacy Nevada, LLC | 83-2594621 |
| Audacy New York, LLC | 16-1574853 |
| Audacy North Carolina, LLC | 23-3017788 |
| Audacy Ohio, LLC | 83-2618191 |
| Audacy Operations, Inc. | 04-3196245 |
| Audacy Oregon, LLC | 23-2955467 |
| Audacy Pennsylvania, LLC | 23-3014535 |
| Audacy Properties, LLC | 27-0761268 |
| Audacy Radio Tower, LLC | 20-0477218 |
| Audacy Rhode Island, LLC | 20-0841746 |
| Audacy Services, LLC | 87-3450767 |

| Debtor | Federal Tax ID |
|---|---|
| Audacy South Carolina, LLC | 23-3017789 |
| Audacy Sports Radio, LLC | 46-0977704 |
| Audacy Tennessee, LLC | 23-3017792 |
| Audacy Virginia, LLC | 23-3017796 |
| Audacy Washington DC, LLC | 52-1493122 |
| Audacy Washington, LLC | 23-2988459 |
| Audacy Wisconsin, LLC | 23-3051015 |
| Cadence 13, LLC | 82-1397666 |
| Eventful, LLC | 20-1055301 |
| Infinity Broadcasting LLC | 94-1453607 |
| Podcorn Media, LLC | 82-4825871 |
| Pineapple Street Media LLC | 81-2298269 |
| QL Gaming Group, LLC | 47-5209916 |

| | |
|---|---|
| Audacy Capital Corp. | Audacy Corp. |
| Audacy Miami, LLC | Audacy Operations, Inc. |
| Audacy Texas, LLC | Audacy License, LLC |
| Audacy Arizona, LLC | Audacy California, LLC |
| Audacy Colorado, LLC | Audacy Connecticut, LLC |
| Audacy Florida, LLC | Audacy Georgia, LLC |
| Audacy Illinois, LLC | Audacy Louisiana, LLC |
| Audacy Kansas, LLC | Audacy Massachusetts, LLC |
| Audacy Maryland, LLC | Audacy Minnesota, LLC |
| Audacy Michigan, LLC | Audacy Nevada, LLC |
| Audacy Missouri, LLC | Audacy Ohio, LLC |
| Audacy North Carolina, LLC | Audacy Pennsylvania, LLC |
| Audacy Oregon, LLC | Audacy South Carolina, LLC |
| Audacy Rhode Island, LLC | Audacy Virginia, LLC |
| Audacy Tennessee, LLC | Audacy Washington, LLC |
| Audacy Washington DC, LLC | Audacy New York, LLC |
| Audacy Wisconsin, LLC | Audacy Properties, LLC |
| Audacy Networks, LLC | Podcorn Media, LLC |
| Cadence 13, LLC | Audacy International, LLC |
| Pineapple Street Media LLC | AmperWave, LLC |
| Audacy Atlas, LLC | Audacy Services, LLC |
| Audacy Radio Tower, LLC | Eventful, LLC |
| Audacy Sports Radio, LLC | QL Gaming Group, LLC |
| Infinity Broadcasting LLC | |

## JOINT UNANIMOUS WRITTEN CONSENT OF THE DIRECTORS AND SOLE MEMBERS OF THE CORPORATIONS AND LIMITED LIABILITY COMPANIES

**THE UNDERSIGNED**, being all of the directors or the sole member of each of the above named Delaware corporations and Delaware limited liability companies (each a "**Subsidiary**" and collectively the "**Subsidiaries**"), hereby consent, pursuant to the provisions of Section 141(f) of the Delaware General Corporation Law and Section 18-302 of the Delaware Limited Liability Company Act, as amended, to the adoption of the following resolutions as of January 4, 2024, which shall have the same force and effect as if adopted at a duly convened meeting at which a quorum was present and voting throughout:

<u>Chapter 11 Cases</u>

       **WHEREAS**, each of the Subsidiaries is a direct or indirect wholly owned subsidiary of Audacy, Inc., a Pennsylvania corporation ("**Audacy**");

       **WHEREAS**, each of the undersigned directors and members (the "**Principals**", and each, a "**Principal**") of the Subsidiaries has reviewed and analyzed the materials presented by management, Audacy and outside financial and legal advisors regarding the financial condition, capital structure, liquidity position, business model and projections, short term and long term prospects of Audacy and its subsidiaries (including each Subsidiary) and the restructuring and other strategic alternatives available to it, and the impact of the foregoing on Audacy's business; and

       **WHEREAS**, each of the Principals has reviewed and evaluated the proposed restructuring transaction involving Audacy and its subsidiaries (including each Subsidiary).

       **NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of each of the Principals, it is desirable and in the best interests of each of the Subsidiaries, their creditors, and

1

other interested parties, that Audacy and the Subsidiaries seek relief under the provisions of Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**");

     **FURTHER RESOLVED**, that each Subsidiary is hereby authorized, and each Authorized Officer (as defined below) shall be, and hereby is, authorized and directed on behalf of each Subsidiary to commence a case under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") by executing, verifying and delivering a voluntary petition in the name of such Subsidiary under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**") in such form and at such time as the Authorized Officer executing said petition shall determine;

     **FURTHER RESOLVED**, that each Subsidiary is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and directed on behalf of such Subsidiary, to seek to have its Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by Audacy under Chapter 11 of the Bankruptcy Code (the respective Chapter 11 Case, together with such other separate cases, the "**Chapter 11 Cases**");

     **FURTHER RESOLVED**, that each Subsidiary is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of such Subsidiary, to the extent applicable, to enter into any restructuring support agreement or similar agreements entered into in connection with the Chapter 11 Cases and to enter into any agreements, documents, or instruments related thereto;

     **FURTHER RESOLVED**, that each Subsidiary is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of such Subsidiary, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all credit documents, and to take any and all actions that each Authorized Officer deems necessary or appropriate, each in connection with the Chapter 11 Cases;

     **FURTHER RESOLVED**, that each Subsidiary, as a debtor and debtor in possession under the Bankruptcy Code, shall be, and hereby is, authorized to: (i) execute and deliver a Chapter 11 plan having terms substantially consistent with those presented to the Principals on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Officer, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company and the Subsidiaries (the "**Plan**"), an associated disclosure statement (the "**Disclosure Statement**"), and any associated documents, and consummate, and perform under, the transactions contemplated therein as may be further approved, modified or amended by any Authorized Officer, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company and the Subsidiaries (the "**Restructuring Transactions**"); and (ii) pay related fees and expenses as may be deemed necessary or desirable by any Authorized Officer in connection with the Plan or Disclosure Statement and the Restructuring Transactions;

     **FURTHER RESOLVED**, that: (i) any Authorized Officer shall be, and hereby is, authorized and directed in the name of, and on behalf of the Subsidiaries, as a debtor and debtor in possession under the Bankruptcy Code, to take such actions and execute, acknowledge, deliver and verify the Plan and Disclosure Statement, and such agreements, certificates, notices and any and all other documents as any Authorized Officer may deem necessary or appropriate in connection

2

with the Plan, the Disclosure Statement and any other related documents including any engagement letters, commitment letters, fee letters, credit documents or other documents in connections with the incurrence of indebtedness contemplated thereby (the "**Restructuring Documents**") and the Restructuring Transactions; (ii) the Restructuring Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any Authorized Officer are hereby approved; (iii) any Authorized Officer shall be, and hereby is, authorized and directed in the name of, and on behalf of the Subsidiaries, as a debtor and debtor in possession, to authorize counsel to draft, file and seek approval of the Restructuring Documents, including approval of the Disclosure Statement and confirmation of the Plan; and (iv) the actions of any Authorized Officer taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Officer's approval thereof and the necessity or desirability thereof;

       **FURTHER RESOLVED**, that each Subsidiary is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of such Subsidiary, to the extent applicable, to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by any Authorized Officer, including the grant of replacement liens, as is reasonably necessary for the continuing affairs of such Subsidiary; and

       **FURTHER RESOLVED**, that the Subsidiaries are hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Subsidiaries, to enter into such forbearance agreements, waivers, amendments or modifications, or other supplements relating to the Subsidiaries' existing indebtedness as may be deemed necessary or appropriate by such Authorized Officer.

## DIP Credit Agreement

       **WHEREAS**, the special restructuring committee of the board of directors of Audacy, the board of directors of Audacy and the Principals have determined that it is in the best interests of each Subsidiary (i) to consummate the transactions (the "**DIP Transactions**") contemplated by that certain Senior Secured Superpriority Debtor-in-Possession Credit Agreement, to be dated on or about January 7, 2024, by and among Audacy Capital Corp., as borrower, each Subsidiary, as a guarantor, the other guarantors from time to time party thereto, the lenders party thereto, and Wilmington Savings Fund Society, FSB, as administrative agent and collateral agent (the "**DIP Credit Agreement**"), with defined terms used herein having the meanings given such terms in the DIP Credit Agreement, (ii) to enter into, deliver and perform its obligations under the DIP Credit Agreement and any and all agreements, documents, instruments, certificates, acknowledgments, statements, and papers as may be contemplated by or entered into in connection with the DIP Credit Agreement (including, without limitation, payoff letters, intercreditor agreements, consents to assignment, subordination agreements, interest rate protection and other hedging agreements, letters of credit and master letter of credit agreements, promissory notes, guaranties, security and pledge agreements, cash management agreements, assignments, collateral assignments, fee letters, engagement letters, commitment letters and other customary loan documents, third party collateral access agreements, insurance certificates, bailee letters, deposit account control agreements, securities account control agreements, Uniform Commercial Code financing statements, mortgages, deeds of trust, warehouse notifications, collateral assignments, and other customary secured loan documents) (together with the DIP Credit Agreement, collectively, the "**DIP Loan Documents**") and any amendments, restatements, modifications and supplements to any of the foregoing, on such terms and conditions as any Authorized Officer, acting alone, deems to be in

the best interests of each Subsidiary, and (iii) to authorize the payment of all fees and expenses in accordance with the DIP Loan Documents.

**NOW, THEREFORE, BE IT RESOLVED**, that the DIP Transactions are in all respects authorized, approved and ratified and that any Authorized Officer is authorized and empowered (i) to execute and deliver or cause to be executed and delivered, and the secretary or any other Authorized Officer of the relevant Subsidiary is authorized to attest to such execution or delivery of, in the name of and on behalf of such Subsidiary, the DIP Credit Agreement, any other DIP Loan Documents and any other document related to the consummation of the DIP Transactions, any amendments, restatements, modifications or supplements to any of the foregoing and any and all additional documents and certificates to be executed and delivered in connection with the DIP Transactions, (ii) to perform or cause to be performed on behalf of each Subsidiary, all of the obligations and exercise all of the rights thereunder on such terms and conditions as any Authorized Officer deems to be in the best interests of each Subsidiary, and (iii) to pay all fees and expenses in accordance with the DIP Loan Documents;

**FURTHER RESOLVED**, that any Authorized Officer is hereby authorized and empowered, in the name and on behalf of the relevant Subsidiary, to negotiate, execute and deliver the DIP Credit Agreement and the other DIP Loan Documents (including, without limitation, any borrowing request and any letter of credit requests), take all actions (including, without limitation, the expenditure of funds) deemed by such Authorized Officer to be necessary or appropriate to the performance of such Subsidiary's obligations or the exercise of such Subsidiary's rights pursuant to the DIP Credit Agreement and the other DIP Loan Documents, including, without limitation, entrance into amendments, restatements, modifications or supplements thereto, on such terms and conditions with such changes as any Authorized Officer may by his or her execution and delivery thereof deem to be in the best interests of the relevant Subsidiary with such negotiation, execution and delivery of the DIP Credit Agreement and the other DIP Loan Documents or any other documents to be conclusive evidence that the form, terms and provisions thereof have been approved by the Principals of the Subsidiaries;

**FURTHER RESOLVED**, that the incurrence of indebtedness, any guarantee of indebtedness, the grant of security interests and pledges by each Subsidiary as contemplated in the DIP Loan Documents, and any additional liens pursuant to any additional mortgage agreements, security agreements, pledge agreements or deeds of trust that the DIP Credit Agreement may require, and the execution and filing of documents, agreements, financing statements, mortgages and instruments in connection therewith, are hereby authorized, approved, and adopted, as applicable;

**FURTHER RESOLVED**, that, to the extent that any Subsidiary serves as the sole member, managing member, general partner, partner or other governing body (collectively, a "**Controlling Company**"), in each case, of any other company (a "**Controlled Company**"), each Authorized Officer of such Subsidiary, who may act without the joinder of any other Authorized Officer, be, and hereby is, authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to (i) authorize such Controlled Company to take any action that any Subsidiary is authorized to take hereunder and/or (ii) take any action on behalf of such Controlled Company that an Authorized Officer is herein authorized to take on behalf of such Controlling Company; and

**FURTHER RESOLVED**, that any and all agreements, instruments, certificates or documents heretofore executed and acts heretofore done in connection with the DIP Transactions approved by these resolutions and any other transactions contemplated by the DIP Credit

4

Agreement and the other DIP Loan Documents are hereby ratified, confirmed, approved and adopted in all respects, and these resolutions have not been modified, rescinded or amended and are in full force and effect.

**Receivables Securitization Program**

> **WHEREAS,** Audacy Arizona, LLC, Audacy California, LLC, Audacy Colorado, LLC, Audacy Connecticut, LLC, Audacy Florida, LLC, Audacy Georgia, LLC, Audacy Illinois, LLC, Audacy Kansas, LLC, Audacy Louisiana, LLC, Audacy Maryland, LLC, Audacy Massachusetts, LLC, Audacy Michigan, LLC, Audacy Minnesota, LLC, Audacy Missouri, LLC, Audacy Nevada, LLC, Audacy New York, LLC, Audacy North Carolina, LLC, Audacy Ohio, LLC, Audacy Oregon, LLC, Audacy Pennsylvania, LLC, Audacy Rhode Island, LLC, Audacy South Carolina, LLC, Audacy Tennessee, LLC, Audacy Texas, LLC, Audacy Virginia, LLC, Audacy Washington DC, LLC, Audacy Washington, LLC, Audacy Wisconsin, LLC, Cadence 13, LLC, Audacy Networks, LLC, Podcorn Media, Inc., QL Gaming Group, LLC (collectively, the "**AR Facility Originators**") are party to (a) that certain Purchase and Sale Agreement, dated as of July 15, 2021, with Audacy New York, LLC (the "**AR Facility Transferor**") and Audacy Operations, Inc. (the "**AR Facility Servicer**" together with the AR Facility Originators, the "**AR Facility Parties**") (the "**Existing Purchase and Sale Agreement**") and (b) that certain Sale and Contribution Agreement, dated as of July 15, 2021, with Audacy Receivables, LLC (the "**AR Facility Borrower**") and the AR Facility Servicer (the "**Existing Sale and Contribution Agreement**");

> **WHEREAS,** the AR Facility Servicer is a party to that certain (a) Receivables Purchase Agreement, dated as of July 15, 2021, among the AR Facility Borrower, the AR Facility Servicer, Autobahn Funding Company LLC, DZ Bank AG Deutsche Zentral-Genossenschaftsbank, Frankfurt am Main (the "**Agent**") and Autobahn Funding Company LLC (the "**Investor**"), (b) the Existing Purchase and Sale Agreement and (c) the Existing Sale and Contribution Agreement; and

> **WHEREAS,** board of directors of Audacy and the Principals have determined that it is in the best interests of each AR Facility Party (i) to consummate the transactions (the "**Receivables Transactions**") contemplated by and to be evidenced by (a) that certain Omnibus Amendment, by and among the Investor, the Agent, the AR Facility Borrower, the AR Facility Servicer, the AR Facility Transferor, the AR Facility Originators and Audacy (the "**Omnibus Amendment**"), (b) that certain Amended and Restated Sale and Contribution Agreement, by and among the AR Facility Borrower, the AR Facility Transferor and the AR Facility Servicer (the "**A&R Sale and Contribution Agreement**"), (c) that certain Amended and Restated Receivables Purchase Agreement, by and between the AR Facility Borrower and the AR Facility Servicer (the "**A&R Receivables Purchase Agreement**"), (d) that certain Amended and Restated Performance Guaranty, by and between Audacy, as performance guarantor and the Agent (the "**A&R Performance Guaranty**") and (e) that certain Amended and Restated Purchase and Sale Agreement, by and among the AR Facility Originators, the AR Facility Transferor and the AR Facility Servicer (the "**A&R Purchase and Sale Agreement**"), with defined terms used herein having the meanings given such terms in the A&R Receivables Purchase Agreement, (ii) to enter into, deliver and perform its obligations under the Omnibus Amendment, the A&R Receivables Purchase Agreement, the A&R Sale and Contribution Agreement, the A&R Purchase and Sale Agreement and any and all agreements, documents, amendments, instruments, certificates, acknowledgments, statements, and papers as may be contemplated by or entered into in connection with the Omnibus Amendment and the A&R Purchase and Sale Agreement (including, without limitation, payoff letters, intercreditor agreements, consents to assignment, subordination agreements, interest rate protection and other hedging agreements, letters of credit and master letter of credit agreements, promissory notes, guaranties, security and pledge agreements, cash

5

management agreements, assignments, collateral assignments, fee letters, engagement letters, commitment letters and other customary loan documents, third party collateral access agreements, insurance certificates, bailee letters, deposit account control agreements, securities account control agreements, Uniform Commercial Code financing statements, mortgages, deeds of trust, warehouse notifications, collateral assignments, and other customary secured loan documents) (together with the Omnibus Amendment and the A&R Purchase and Sale Agreement, collectively, the "**Receivables Documents**") and any amendments, restatements, modifications and supplements to any of the foregoing, on such terms and conditions as any Authorized Officer, acting alone, deems to be in the best interests of each AR Facility Parties, and (iii) to authorize the payment of all fees and expenses in accordance with the Receivables Documents.

**NOW, THEREFORE, BE IT RESOLVED**, that the Receivables Transactions are in all respects authorized, approved and ratified and that any Authorized Officer is authorized and empowered (i) to execute and deliver or cause to be executed and delivered, and the secretary or any other Authorized Officer of each AR Facility Party is authorized to attest to such execution or delivery of, in the name of and on behalf of each AR Facility Party, the Omnibus Amendment, the A&R Receivables Purchase Agreement, the A&R Sale and Contribution Agreement, the A&R Purchase and Sale Agreement, any other Receivables Documents and any other document related to the consummation of the Receivables Transactions, any amendments, restatements, modifications or supplements to any of the foregoing and any and all additional documents and certificates to be executed and delivered in connection with the Receivables Transactions, (ii) to perform or cause to be performed on behalf of each AR Facility Party, all of the obligations and exercise all of the rights thereunder on such terms and conditions as any Authorized Officer deems to be in the best interests of each AR Facility Party, and (iii) to pay all fees and expenses in accordance with the Receivables Documents;

**FURTHER RESOLVED**, that any Authorized Officer is hereby authorized and empowered, in the name and on behalf of each AR Facility Party, to negotiate, execute and deliver the Omnibus Amendment, the A&R Receivables Purchase Agreement, the A&R Sale and Contribution Agreement, the A&R Purchase and Sale Agreement and the other Receivables Documents (including, without limitation, any borrowing request and any letter of credit requests), take all actions (including, without limitation, the expenditure of funds) deemed by such Authorized Officer to be necessary or appropriate to the performance of any AR Facility Party's obligations or the exercise of such AR Facility Party's rights pursuant to the Omnibus Amendment, the A&R Receivables Purchase Agreement, the A&R Sale and Contribution Agreement, the A&R Purchase and Sale Agreement and the other Receivables Documents, including, without limitation, entrance into amendments, restatements, modifications or supplements thereto, on such terms and conditions with such changes as any Authorized Officer may by his or her execution and delivery thereof deem to be in the best interests of each AR Facility Party with such negotiation, execution and delivery of the Omnibus Amendment, the A&R Receivables Purchase Agreement, the A&R Sale and Contribution Agreement, the A&R Purchase and Sale Agreement and the other Receivables Documents or any other documents to be conclusive evidence that the form, terms and provisions thereof have been approved by the Principals of the Subsidiaries;

**FURTHER RESOLVED**, that, the incurrence of indebtedness and the execution and filing of documents and agreements in connection therewith are hereby authorized, approved and adopted, as applicable; and

**FURTHER RESOLVED**, that any and all agreements, instruments, certificates or documents heretofore executed and acts heretofore done in connection with the Receivables Transactions approved by these resolutions and any other transactions contemplated by the

6

Omnibus Amendment, the A&R Receivables Purchase Agreement, the A&R Sale and Contribution Agreement, the A&R Purchase and Sale Agreement and the other Receivables Documents are hereby ratified, confirmed, approved and adopted in all respects, and these resolutions have not been modified, rescinded or amended and are in full force and effect.

**Retention of Professionals**

  **NOW, THEREFORE, BE IT RESOLVED**, that each Subsidiary is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the relevant Subsidiary, to employ and retain (i) Latham & Watkins LLP to act as bankruptcy co-counsel, (ii) Porter Hedges LLP to act as bankruptcy co-counsel, (iii) PJT Partners LP to act as investment banker, (iv) FTI Consulting, Inc. to act as financial advisor and (v) Epiq Corporate Restructuring to act as solicitation and subscription agent, in each case, in connection with the Chapter 11 Cases;

  **FURTHER RESOLVED**, that each Subsidiary is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of such Subsidiary, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms as may be deemed necessary or appropriate by each Authorized Officer to assist each Subsidiary in carrying out its responsibilities in the Chapter 11 Cases and achieving a successful reorganization; and

  **FURTHER RESOLVED**, that each Subsidiary is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, in the name and on behalf such Subsidiary, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Officer shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

**General Authority and Ratification of Consistent Actions**

  **NOW, THEREFORE, BE IT RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer or any of the Professionals in connection with the Chapter 11 Cases or any proceedings or matters related thereto (including, without limitation, the DIP Transactions and the DIP Loan Documents), be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Subsidiaries;

  **FURTHER RESOLVED**, that all actions taken and agreements and documents executed by the Authorized Officers, or any person or persons designated and authorized to act by any of them, prior to the adoption of these resolutions which would have been authorized by these resolutions had such actions been taken (or documents been executed) after adoption of these resolutions, are ratified, confirmed, approved and adopted in all respects;

  **FURTHER RESOLVED**, that each Authorized Officer, acting alone, is authorized and directed on behalf of the relevant Subsidiary to do or cause to be done, and to grant such powers of attorney as are necessary or desirable to do or be done on behalf of such Subsidiary or its subsidiaries, all such acts or things and to sign and deliver, or cause to be signed and delivered, all such agreements, documents, instruments and certificates, as such officer or officers may deem

necessary, advisable or appropriate to effectuate or carry out the purposes and intent of the foregoing resolutions and to perform the obligations of such Subsidiary under the agreements and instruments referred to therein, with such execution and delivery of such agreements, documents, instruments or certificates to be conclusive evidence that the form, terms and provisions thereof have been approved by the Principals;

**FURTHER RESOLVED** that the Principals of the Subsidiaries hereby approve of the transactions herein and all related documents, instruments and agreements relating to the transactions on behalf of the Subsidiaries and hereby authorize each such Subsidiary to enter into and perform each of its obligations in connection with the transactions and all related agreements, documents, instruments and certificates contemplated thereby; and

**FURTHER RESOLVED**, that for the purposes of these resolutions, the term "Authorized Officer" shall mean and include the Chief Executive Officer, President, Chief Financial Officer, Chief Accounting Officer, Treasurer, General Counsel, Secretary, Assistant Secretary, or any Executive Vice President or Senior Vice President, of the Subsidiaries.

*[Signature Page Follows]*

US-DOCS\144715422.19

024520-0083

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

AUDACY CAPITAL CORP.
AUDACY CORP.
AUDACY OPERATIONS, INC.

_____
David J. Field, Director

_____
Richard J. Schmaeling, Director

_____
Andrew P. Sutor, IV, Director

AUDACY CAPITAL CORP.
as the sole member of
AUDACY MIAMI, LLC

By:_____
Name:   Andrew P. Sutor, IV
Title:    Executive Vice President

[Signature Page to Omnibus UWC of Subsidiaries of Audacy, Inc.]

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**AUDACY CAPITAL CORP.**
**AUDACY CORP.**
**AUDACY OPERATIONS, INC.**


_____
David J. Field, Director


_____
Richard J. Schmaeling, Director


_____
Andrew P. Sutor, IV, Director


**AUDACY CAPITAL CORP.**
as the sole member of
**AUDACY MIAMI, LLC**

By: _____
Name:  Andrew P. Sutor, IV
Title:   Executive Vice President

[Signature Page to Omnibus UWC of Subsidiaries of Audacy, Inc.]

**AUDACY OPERATIONS, INC.**
as the sole member of
**AUDACY ARIZONA, LLC**
**AUDACY CALIFORNIA, LLC**
**AUDACY COLORADO, LLC**
**AUDACY CONNECTICUT, LLC**
**AUDACY FLORIDA, LLC**
**AUDACY GEORGIA, LLC**
**AUDACY ILLINOIS, LLC**
**AUDACY KANSAS, LLC**
**AUDACY LOUISIANA, LLC**
**AUDACY MARYLAND, LLC**
**AUDACY MASSACHUSETTS, LLC**
**AUDACY MICHIGAN, LLC**
**AUDACY MINNESOTA, LLC**
**AUDACY MISSOURI, LLC**
**AUDACY NEVADA, LLC**
**AUDACY NEW YORK, LLC**
**AUDACY NORTH CAROLINA, LLC**
**AUDACY OHIO, LLC**
**AUDACY OREGON, LLC**
**AUDACY PENNSYLVANIA, LLC**
**AUDACY RHODE ISLAND, LLC**
**AUDACY SOUTH CAROLINA, LLC**
**AUDACY TENNESSEE, LLC**
**AUDACY TEXAS, LLC**
**AUDACY VIRGINIA, LLC**
**AUDACY WASHINGTON DC, LLC**
**AUDACY WASHINGTON, LLC**
**AUDACY WISCONSIN, LLC**
**AUDACY LICENSE, LLC**
**AUDACY PROPERTIES, LLC**
**AUDACY ATLAS, LLC**
**AMPERWAVE, LLC**
**AUDACY INTERNATIONAL, LLC**
**AUDACY NETWORKS, LLC**
**AUDACY RADIO TOWER, LLC**
**AUDACY SERVICES, LLC**
**AUDACY SPORTS RADIO, LLC**
**EVENTFUL, LLC**
**INFINITY BROADCASTING LLC**
**QL GAMING GROUP, LLC**

By: _____
Name:  Andrew P. Sutor, IV
Title:   Executive Vice President

[Signature Page to Omnibus UWC of Subsidiaries of Audacy, Inc.]

**AUDACY PROPERTIES, LLC**
   as the sole member of
   **PODCORN MEDIA, LLC**
   **PINEAPPLE STREET MEDIA LLC**
   **CADENCE 13, LLC**

By: _____
Name:  Andrew P. Sutor, IV
Title:   Executive Vice President

[Signature Page to Omnibus UWC of Subsidiaries of Audacy, Inc.]

Debtor: <u>Audacy, Inc., et al</u>   Case number (*if known*)_____
  <u>Name</u>

---

**Fill in this information to identify the case and this filing:**

Debtor Name <u>Audacy, Inc., et al</u>

United States Bankruptcy Court for the District of Delaware

Case number (*if known*): _____

☐ Check if this is an amended filing

---

<u>Official Form 204</u>

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders 
                                                                                                       12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction value of collateral setoff | Unsecured claim |
| 1 | Wilmington Savings Fund Society, FSB ATTN: Raye Goldsborough 500 Delaware Ave 11th Floor Wilmington, DE 19801 | Raye Goldsborough EMAIL: rgoldsborough@wsfsbank.com PHONE : (302)888-7580 | Credit Facility | | $882,817,913.00 | | Undetermined |
| 2 | Deutsche Bank Trust Company Americas ATTN: Joseph Denno 1 Columbus Circle New York, NY 10019 | Joseph Denno EMAIL: joseph.denno@db.com PHONE: (212) 250-2882 | 2029 Notes | | $559,338,750.00 | | Undetermined |
| 3 | Deutsche Bank Trust Company Americas ATTN: Joseph Denno 1 Columbus Circle New York, NY 10019 | Joseph Denno EMAIL: joseph.denno@db.com PHONE: (212) 250-2882 | 2027 Notes | | $480,846,944.00 | | Undetermined |
| 4 | Katz Media Group ATTN: Brian Yuen 125 West 55th St, 8th Fl New York, NY 10019 | Brian Yuen EMAIL: Brian.Yuen@katzmediagroup.com PHONE: (212)424-6000 | Trade | | | | $9,844,410.85 |
| 5 | Broadcast Music Inc 10 Music Square East Nashville, TN 37203 | EMAIL: jpolly@bmi.com PHONE: (615)401-2418 | Trade | | | | $3,558,403.97 |
| 6 | CBS Interactive 680 Folsom Street San Francisco, CA 94107 | EMAIL: remittance@cbsinteractive.com | Trade | | | | $2,283,961.39 |
| 7 | Cox Reps Inc 1 Dag Hammarskjold Plaza 24th Floor New York, NY 10017 | EMAIL: mediabilling@gamut.media | Trade | | | | $2,272,430.55 |

Debtor: <u>Audacy, Inc., et al</u>       Case number (*if known*)_____
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction value of collateral setoff | Unsecured claim |
| 8 SoundExchange, Inc 733 10Th Street NW Washington, DC 20001 | EMAIL: mhuppe@soundexchange.com | Trade | | | | $1,800,000.00 |
| 9 Adswizz, Inc. 487 A South El Camino Real San Matro, CA 94402 | EMAIL: accounting@adswizz.com | Trade | | | | $1,457,404.50 |
| 10 Revive Media Inc 8512 Tuscany Ave Suite 320 Playa Del Rey, CA 90293 | EMAIL: adam@revivemedia.us PHONE: (402) 517-0010 | Trade | | | | $1,420,987.57 |
| 11 Amazon Web Services, Inc. ATTN: Will Hanft 410 Terry Avenue North Seattle, WA 98109-5210 | EMAIL: contracts-legal@amazon.com | Trade | | | | $1,154,134.51 |
| 12 Trans Union LLC 555 West Adams Street Chicago, IL 60661 | EMAIL: dig_billing@transunion.com PHONE: (312) 802-0732 | Trade | | | | $1,063,725.23 |
| 13 Skyline Commercial Interiors Inc 505 Sansome Street 7th Floor San Francisco, CA 94111 | EMAIL: maruz@skylineconstruction.build PHONE: (415) 908-2502 | Trade | | | | $1,022,574.38 |
| 14 Paedae Inc ATTN: Kenton Holliday 8605 Santa Monica Blvd 62545 West Hollywood, CA 90069-4109 | Kenton Holliday EMAIL: kenton.holliday@gimbal.com PHONE: (800) 882-5216 | Trade | | | | $980,716.83 |
| 15 Spotify USA Inc 150 Greenwich Street FL62 New York, NY 10007 | EMAIL: ar@spotify.com PHONE: (646) 823-4758 | Trade | | | | $959,644.45 |
| 16 Fox Corporation ATTN: Jeremy Moreland 5151 Wisconsin Avenue NW Washington, D.C. 20016 | Jeremy Moreland EMAIL: jeremy.moreland@foxtv.com PHONE: (202) 895-3062 | Trade | | | | $791,481.53 |
| 17 IHeartMedia Entertainment Inc 20880 Stone Oak Pkwy San Antonio, TX 78258 | EMAIL : katrinamiddleton@iheartmedia.com PHONE : (210) 253-4339 | Trade | | | | $661,419.07 |
| 18 Ando Media LLC 1440 Sainte-Catherine W.,Suite 1200 Montreal, QC, Canada H3G 1R8 | EMAIL: ar@tritondigital.com PHONE: (186) 644-84037 | Trade | | | | $653,421.70 |
| 19 STEPHANIE SOO YOON 4555 MYSTIC DR SANDY SPRINGS, GA 30342 | EMAIL: orassistant@unitedtalent.com PHONE: (310) 273-6700 | Trade | | | | $652,173.90 |

Debtor: <u>Audacy, Inc., et al</u>     Case number (*if known*)_____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction value of collateral setoff | Unsecured claim |
| 20 New Orleans Saints ATTN: Accounts Receivable 5800 Airline Dr Metairie, LA 70003 | EMAIL: greg.bensel@saints.nfl.com PHONE: (504) 731-1794 | Trade | | | | $614,344.00 |
| 21 Wide Orbit 1160 Battery Street SUITE 300 San Francisco, CA 94111 | EMAIL: evillagran@wideorbit.com PHONE: (415) 214-2516 | Trade | | | | $609,750.14 |
| 22 Meta Platforms Inc 1601 Willow Road Menlo Park, CA 94025 | EMAIL: payment@fb.com | Trade | | | | $524,700.93 |
| 23 SEO Towncenter Inc 2600 Ashton Blvd Suite 300 Lehi, UT 84043 | EMAIL: ebonnett@boostability.com PHONE: (385) 287-0789 | Trade | | | | $513,561.29 |
| 24 CLARITAS HOLDINGS INC 8044 Montgomery Rd, Ste. 455 Cincinnati, OH 45236 | EMAIL: billing@claritas.com PHONE: (844) 613-3164 | Trade | | | | $484,422.49 |
| 25 Sesac Rights Management Inc 35 Music Square east Nashville, TN 37203 | EMAIL: scarpenter@sesac.com PHONE: (615) 932-7906 | Trade | | | | $462,910.33 |
| 26 Fiscowl LLC 125 E Merritt Island Caswy #107-125 Merritt Island, FL 32952 | EMAIL: rebecca@analyticowl.com PHONE: (201) 486-0186 | Trade | | | | $448,746.23 |
| 27 ZoomInfo Midco LLC 805 Broadway St Ste 900 Vancouver, WA 98660 | EMAIL: christina.ditraglia@zoominfo.com PHONE: (866) 904-96662 | Trade | | | | $405,447.79 |
| 28 Spectrio LLC 4033 Tampa Rd Ste 103 Oldsmar, FL 34677 | EMAIL: remittance@spectrio.com PHONE: (800) 584-4653 | Trade | | | | $383,410.45 |
| 29 Neustar Information Services, Inc. 21575 Ridgetop Circle Sterling, VA 20166 | EMAIL: support-infoservices@team.neustar.com PHONE: (844) 677-2878 | Trade | | | | $377,903.23 |
| 30 RADIO MUSIC LICENSE COMMITTEE P.O. BOX 209002 Dallas, TX 75320 | EMAIL: bill@radiomlc.org PHONE: (615) 844-6260 | Trade | | | | $370,910.79 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Audacy International, LLC, | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| Audacy Operations, Inc. | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Audacy International, LLC, | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "**Debtor**") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Audacy Operations, Inc.<br>2400 Market Street, 4th Floor<br>Philadelphia, Pennsylvania 19103 | Membership Interest | 100% |

Fill in this information to identify the case and this filing:

Debtor Name **Audacy International, LLC**

United States Bankruptcy Court for the: **Southern District of Texas**

(State)

Case number (If known):

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*

☐ Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*

☐ Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*

☐ Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*

☐ Schedule H: Codebtors *(Official Form 206H)*

☐ Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*

☐ Amended Schedule ____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration   Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

☒ */s/ Richard J. Schmaeling*

__01/07/2024__
MM/ DD/YYYY

Signature of individual signing on behalf of debtor

**Richard J. Schmaeling**

Printed name
**Executive Vice President & Chief Financial Officer**

Position or relationship to debtor

US-DOCS\144773056.3